WOODARD, Judge.
This is a suit for damages arising out of an automobile accident.
Plaintiff, Jacqueline Gianfala, asserts the following assignments of error on appeal: (1)the trial court erred in concluding her negligence was a proximate cause of the accident and assessing her with fifty percent comparative fault; (2) the trial court erred in permitting a lay witness to express an opinion regarding the speed plaintiff was travelling prior to the accident: (3) the trial court abused its discretion in awarding plaintiff $25,000 for past and future pain, suffering and mental anguish, and $2,500 for future medical expenses: and (4) the trial court abused its discretion in ordering plaintiff to pay one half of the court costs.
PACTS
Plaintiff was travelling east on West Congress Street in Lafayette at approximately 2:15 on-January 8, 1987. As she approached Lafayette High School, her car collided with the car driven by defendant, Laurie Ann Watson. Ms. Watson was a student at Lafayette High and was exiting the school parking lot onto West Congress when the accident occurred.
West Congress is a five lane street consisting of two west-bound lanes directly in front of the high school, a center neutral lane and two east-bound lanes. Ms. Watson exited the school parking lot, crossed the two west-bound lanes and pulled into the neutral lane. She checked for oncoming traffic and noticed plaintiffs vehicle coming toward her. She testified that plaintiffs vehicle was in the outside lane and far enough away that she felt it was safe to merge into the inside lane. Plaintiff testified that she was travelling in the inside lane the entire time and that defendant just pulled out in front of her.
The cars collided and plaintiff sustained cervical and temporomandibular joint (TMJ) injuries. Plaintiff filed this suit against defendants, Laurie Ann Watson and State Farm Mutual Automobile Insurance Company, for damages arising from the injuries she sustained in the accident. Judgment was rendered for plaintiff in the amount of $20,750 after the jury found plaintiff to be fifty percent at fault in causing the accident. Plaintiff appeals this judgment.
COMPARATIVE FAULT
Plaintiff first contends that the trial court erred in concluding that her negligence was a proximate cause of the accident and in assessing her with fifty percent comparative fault.
Two different versions of the automobile accident were presented at trial. Plaintiff claims that she was travelling in the inside east-bound lane when the defendant pulled out of the Lafayette High School parking lot and, after crossing the two west-bound lanes and the neutral lane, crashed into her car. The defendant and her guest passenger, Ms. Tammy Thibodeaux, testified that after they exited the school parking lot and the two west-bound lanes, they stopped in the neutral lane to check for oncoming traffic. They both noticed plaintiffs vehicle travelling in the outside east-bound lane. Apparently, defendant put her car into gear and began to merge into the inside lane at the same time plaintiff moved into the inside lane, and the cars collided.
Where there is conflict in the trial testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). La.R.S. 32:79 creates a duty for a driver to refrain from switching traffic lanes until it has first been ascertained that such movement can be made with safety. The trial testimony reasonably supports the jury’s conclusion that plaintiff beached this duty to the extent that she should be assessed with fifty percent of the fault in causing the accident. We therefore affirm.
OPINION TESTIMONY
During the trial, the deposition testimony of Ms. Tammy Thibodeaux, defendant’s guest passenger, was read to the jury. In her testimony, Ms. Thibodeaux testified several times that the plaintiff was travelling at a fast rate of speed. Ms. *561 Thibodeaux based her opinion on her observation of plaintiff’s vehicle and the distance plaintiffs car must have travelled from the time she observed the car until the time of impact. Plaintiff asserts that it was error for Ms. Thibodeaux, a lay witness, to be allowed to express her opinion about the speed plaintiff was travelling before the accident.
The La.Code of Evidence, Article 701, discusses the admissibility of opinion testimony by a lay witness as follows:
If the witness is not testifying as an expert,, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(1) Rationally based on the perception of the witness; and
(2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
Ms. Thibodeaux saw the plaintiffs automobile before the collision and her perception of plaintiffs speed was relevant to the issue of causation. Her opinion falls squarely within the ambit of Article 701. This assignment of error is without merit.
DAMAGES
Plaintiff next contends that the trial court erred in awarding $25,000 for past and future pain, suffering and mental anguish, and $2,500 for future medical expenses.
(A) General Damages
Plaintiff suffered cervical and temporomandibular joint (TMJ) injuries as a result of the accident, and the jury awarded her $25,000 for past and future pain, suffering and mental anguish. Damage awards should not be set aside unless it is first determined that the award for the particular injuries suffered by a particular person is a clear abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). After a thorough review of the record, we find no abuse of discretion by the jury in awarding plaintiff $25,000 for general damages.
(B) Future Medical Expenses
Dr. Michael Kadair, plaintiff’s dentist, testified at trial that plaintiff needed approximately $4,000 of restorative dental treatment along with follow up treatment at $200-$300 per year for three to four years. After that, plaintiff would probably continue to see him once or twice a year until the visits eventually tapered off. Future medical expenses must be established with some degree of certainty, and awards should be made only with supporting medical testimony and estimations of their probable cost. Highlands Ins. v. Missouri Pacific R. Co., 532 So.2d 317 (La.App. 3 Cir.1988), Affirmed, 540 So.2d 287 (La.1989). The evidence at trial established future medical expenses far in excess of the $2,500 the jury chose to award plaintiff. We find that the jury award is not supported by the record, and therefore amend the award to plaintiff for future medical expenses to the amount of $5,200, in conformity with the evidence presented at trial. Aucoin v. State Farm Mut. Auto. Ins. Co., 505 So.2d 993 (La.App. 3 Cir.1987).
COURT COSTS
Finally, plaintiff contends that the trial court erred in assessing her with one-half of the court costs.
La.C.C.P. Article 1920 provides that the court may render judgment for costs as it considers equitable. Because plaintiff was found to be fifty percent at fault, it is equitable that she be assessed fifty percent of the court costs. This assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is amended and affirmed. Costs of this appeal are assessed to plaintiffs-appellants, Jacqueline Gianfala and Byron Gianfala.
AFFIRMED AS AMENDED.